Craig C. Marchiando (SBN 283829)
Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-257-3450
craig@clalegal.com
len@clalegal.com

Matthew J. Erausquin, (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Oakland Division**

| | |
|---|---|
| **ERNEST MELO**, *et al.*,<br><br>    **Plaintiff,**<br><br>v.<br><br>**ZUMPER, INC.**, *et al.*,<br><br>    **Defendants.** | Case No. 4:20-cv-00714-PJH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM RULE 41 VOLUNTARY DISMISSAL**<br><br>Hearing date:   April 22, 2020<br>Time:             9:00 a.m.<br>Courtroom:     3 |

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on April 22, 2020, or as soon thereafter as the Court's schedule may permit, in the courtroom of the Honorable Phyllis J. Hamilton, located at Oakland Courthouse, Courtroom 3 – 3rd Floor, 1301 Clay Street, Oakland, CA

94612, Plaintiff Ernest Melo will move the Court for relief from his previously filed Rule 41 dismissal of claims against Zumper, Inc. (ECF 66.)

Relief from the dismissal is necessary because Zumper is playing procedural games with its arbitration obligation. It sought to enforce the obligation through its Motion to Compel then, when Plaintiff consented and dismissed his case, Zumper reversed, and indicated it would oppose the arbitration on *res judicata* grounds. (*See* ECF 67-1 (explaining Zumper's plan to oppose the arbitration and seek costs under AAA Rules).) To avoid that inequity, Plaintiff intends to file an opposed Motion to Dismiss under Rule 41(a)(2).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, all pleadings and files in this action, all matters of which this Court may take judicial notice, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated: March 12, 2020.

Respectfully submitted,

**ERNEST MELO,**

By:   */s/ Craig C. Marchiando*
Craig C. Marchiando (SBN 283829)
Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-257-3450
craig@clalegal.com
len@clalegal.com

*Attorneys for Plaintiff*

# **MEMORANDUM OF LAW**

## I.  OVERVIEW.

Zumper has moved to compel arbitration, a path to which Plaintiff ultimately agreed. (*See* ECF 67.) By Court order, the Parties were to have submitted a stipulation to that effect on March 10, 2020. (ECF 64.) Plaintiff provided that proposed stipulation, which proposed a dismissal rather than stay of the case as to Zumper as well as an agreement that Zumper would not raise any timeliness defenses relating to the time that would pass between the dismissal and commencement of arbitration, to Zumper the morning of March 10. (Ex. 1, transmittal email.) Zumper did nothing. On March 11, the day after the stipulation was due, Zumper rejected the stipulation outright, insisting on a stay of the case. (Ex. 2, Zumper's Counsel's response to stipulation.) Plaintiff asked for Zumper's reasons for a stay rather than dismissal, and Zumper's Counsel again did not respond.

In light of Zumper's unexplained intractability and the deadline to file the stipulation for arbitration having already passed, Plaintiff filed a voluntary dismissal under Rule 41(a)(1)(A)(i) on March 11. (ECF 66.) Before that filing, and believing Zumper would be true to its word, Plaintiff filed an arbitration proceeding with AAA per the Parties' agreement to arbitrate. Plaintiff took this tact to avoid any passage of time between the dismissal of claims here and the commencement of arbitration, as a means of preempting any statute-of-limitations arguments Zumper may raise in arbitration.

After the filing of the arbitration and dismissal here, Plaintiff's Counsel notified Zumper's Counsel of the arbitration filing. Zumper's Counsel responded that Zumper considered the arbitration to be "frivolous," as the dismissal was Mr. Melo's second voluntary one against Zumper under Rule 41(a), so claims brought in the arbitration are barred by *res judicata* through operation of the "two dismissal" rule. (*See* ECF 67-1.) Plaintiff later filed a withdrawal of that voluntary dismissal. (ECF 67.)

Plaintiff's filing of the second voluntary dismissal was the result of excusable neglect that requires correction. *See* FED. R. CIV. P. 60(b)(1). In Counsel's haste to meet the already-expired deadline, it neglected to recognize the consequences of the second voluntary dismissal under Rule 41(a)(1)(A)(i). Allowing the dismissal to lie unaltered risks Plaintiff losing his claims in arbitration outright on *res judicata* grounds.

Alternatively, Rule 60 permits the Court to relieve Plaintiff from the effect of the dismissal for "any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). Permitting Plaintiff to pursue his claims in an arbitration he has already filed and to which Zumper has agreed (and moved the Court to compel) is certainly a reason that justifies altering the results of the filing of the voluntary dismissal.[1]

## II. CASE BACKGROUND.

Plaintiff applied for housing in 2017, and the potential landlord required that Plaintiff use Zumper, Inc. as the source of a tenant-screening report about him. Plaintiff complied, and Zumper provided a report that contained rental-history information inaccurately attributed to Plaintiff. (ECF 1 ¶¶ 13–17.) The inaccurate report resulted in the landlord rejecting Plaintiff's application. (*Id.* ¶ 18.)

Plaintiff sued Zumper in 2018, in the Eastern District of Virginia, asserting violations of the Fair Credit Reporting Act ("FCRA"). *Melo v. Zumper, Inc.*, No. 3:18-cv-00756-REP (E.D. Va.). Plaintiff voluntarily dismissed that case under Rule 41(a). Because he learned about Trade House's role in the process of creating his Zumper report, Plaintiff again sued Zumper, and added Trade House as a Defendant, again in the Eastern District of Virginia. *Melo v. Zumper, Inc., et al.*, No. 3:19-cv-00621 (E.D. Va.).

---

[1] Plaintiff requests relief under Rule 60(b)(1) and (b)(6) alternatively because those subsections are "mutually exclusive," the former "encompassing errors made due to the 'mere neglect' of the petitioner" and the latter "encompass[ing] errors or actions beyond the petitioner's control." *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 n.11 (9th Cir. 2002) (internal quotation and citation omitted).

Zumper moved to transfer the case from Virginia to this Court and stay the case pending arbitration. (ECFs 11, 12.) Trade House joined that Motion (ECF 34), which the Virginia Court granted. (ECF 38.) Once the case arrived here, Zumper moved to compel arbitration and stay the case (ECF 52), and Trade House has proposed that it join in that motion. (ECF 53.)[2]

After the filing of Zumper's Motion, Plaintiff and Zumper engaged in discussions that would perhaps moot the Motion. Such discussions resulted in a stipulation that Plaintiff would consent to arbitration and, after two enlargements of time to respond to Zumper's Motion, Plaintiff was set to file a formal stipulation of that consent on March 10, 2020. (ECF 64.)

Plaintiff provided Zumper with the proposed stipulation the morning of March 10, which included a proposal that the claims against Zumper be dismissed and Zumper agree to not raise any timeliness defenses for the time that would pass between the dismissal of the claims here and the commencement of arbitration. (Ex. 1; Ex. 3, Plaintiff's proposed stipulation.) Zumper did not respond. After Plaintiff sent a follow-up email on March 11, after the filing deadline for the stipulation had elapsed, Zumper rejected the entirety of the proposed stipulation and proposed its own. Less than 30 minutes later Plaintiff asked why Zumper insisted on a stay rather than dismissal, and Zumper again did not reply. (Ex. 4, email string of discussion.) With the clock ticking on the already-expired deadline to file the stipulation and with Zumper going silent, Plaintiff's Counsel determined the best course was to voluntarily dismiss under Rule 41. (ECF 66.)

Before dismissing his claims here, however, Plaintiff filed an arbitration proceeding with AAA, the forum to which he and Zumper had agreed. Once the Rule 41 dismissal was filed, Plaintiff notified Zumper of the filing of the arbitration. (Ex. 4, transmittal email to Zumper's Counsel.) Shockingly, Zumper changed course, replying to that message with

---

[2] Plaintiff has opposed Trade House's proposed joinder (ECF 65), and Trade House's reply brief is not yet due.

an assertion that the arbitration filing is "frivolous" because the second voluntary dismissal under Rule 41 was a disposal of the case on the merits. (ECF 67-1.) Thus, Zumper's position goes, it would win dismissal of the arbitration on *res judicata* grounds and seek its costs in the process. (*Id.*)

Left with no alternative since Zumper is now going back on its agreement to arbitrate, Plaintiff withdrew his Rule 41 voluntary dismissal (ECF 67) and filed this Motion.

### III.   ARGUMENT AND AUTHORITIES.

### A.   Applicable Legal Standards.

Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). Motions for such relief "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

"Neglect" in the context of Rule 60(b)(1) "means 'negligence, carelessness [or] inadvertent mistake.'" *Fowler v. Wells Fargo Bank, N.A.*, No. 18-CV-01254-MMC, 2019 WL 1369934, at *1 (N.D. Cal. Mar. 26, 2019) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The analysis of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances. *Cotti v. City of San Jose*, No. 18-CV-02980-BLF, 2019 WL 4194270, at *3 (N.D. Cal. Sept. 4, 2019). The Court's consideration of several factors guides the determination: "'(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Id.*

Multiple Circuit Courts have held Plaintiffs may use Rule 60(b) to avoid the preclusive effect of a second voluntary dismissal under Rule 41(a)(1). *Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013); *Albert v. Ameris Bank*, 517 Fed. App'x 900 (11th Cir. 2013); *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

**B.   The Court Should, Appropriately, Relieve Plaintiff Of The Effect Of The Earlier Dismissal And Order Dismissal By This Motion.**

**1.   Plaintiff's earlier dismissal was the result of excusable neglect.**

**a.   Zumper will suffer no prejudice if the voluntary dismissal is withdrawn.**

Because it is represented by top-notch Counsel, Zumper will not doubt be able to articulate some prejudice that it claims will come from the grant of Plaintiff's Motion. In truth, all that will occur is that Plaintiff's voluntary dismissal with be withdrawn, permitting him to file a Rule 41(a)(2) motion for dismissal. Such Court-ordered dismissal does not invoke the "two dismissal" rule Zumper mentions in its email. *Williams v. Seattle Pub. Sch.*, C09–1331RAJ, 2010 WL 3522494, at *3 (W.D. Wash. Sept. 8, 2010) ("A Rule 41(a)(2) voluntary dismissal by court order does not trigger the two-dismissal rule."). Granting the relief requested would permit Plaintiff to pursue his claims in arbitration— just as Zumper has moved the Court and likewise agreed with Plaintiff—without facing an uphill battle on the issue of *res judicata*.

Zumper's likely argument of prejudice will be that granting this Motion will rob it of the victory the two dismissal rule provides, but that is a hollow assertion. Zumper has agreed to arbitrate, and would now go back on that agreement because of Plaintiff's Counsel's misstep in filing the voluntary dismissal. There can be no genuine argument that holding Zumper to the bargain it has asked the Court to enforce, after the passing of just a day, is prejudicial.

The Court should find this factor favors granting Plaintiff's Motion.

  **b.**  **There has been no delay in the filing of Plaintiff's Motion, and the granting of it will have little impact on proceedings.**

The delay in filing Plaintiff's Motion, if any, is one day. Plaintiff submits that such is not genuinely a "delay" in this context, as it of course takes time for Counsel to decide on the appropriate strategy, research it, and draft a coherent brief. Truthfully, this Motion could not have been filed any more quickly than it has.

Granting Plaintiff's Motion will have an insignificant impact on proceedings, as it will simply permit Zumper to have the relief it has requested—proceedings against Plaintiff in arbitration. The only impact on proceedings will be that there will be one less Defendant here, an outcome that, at this early stage, can only be viewed as a positive result.

  **c.**  **All that has delayed the filing of this Motion is the time needed to research and draft it.**

Plaintiff has wasted no time in filing this Motion, as it comes less than 24 hours after he withdrew his Notice of Dismissal. It is difficult to envision a motion that requires such analysis being filed any more quickly than this one has. The Court should have little difficulty concluding this factor favors granting the Motion.

  **d.**  **Plaintiff has acted in good faith.**

Zumper will have no reasoned arguments that Plaintiff has acted other than in good faith. Plaintiff negotiated an agreement to arbitrate with Zumper and, with the deadline for filing the stipulation passed, mistakenly filed the voluntary dismissal so that these proceedings against Zumper would end and the arbitration could begin. When Zumper sought to use that unremarkable event against Plaintiff, he sought the only relief available—this Motion.

And granting this Motion provides Plaintiff with no strategic advantage. He has agreed to arbitrate, and has already begun those proceedings. As things currently stand, however, Plaintiff risks the possibility of losing those claims on procedural grounds rather

than the merits. This Motion seeks only to hold Zumper to its bargain to arbitrate, nothing more.

All things considered, the Court should conclude that Plaintiff's Counsel's mistake constitutes excusable neglect and the relief he requests should be granted.

### 2. The potential, inadvertent loss of Plaintiff's claims on procedural grounds is another reason justifying alteration of the earlier dismissal.

In the alternative to relief under Rule 60(b)(1), Plaintiff seeks relief under Rule 60(b)'s catchall provision. FED. R. CIV. P. 60(b)(6). "The purpose of Rule 60(b)(6) is to 'vest[ ] power in courts adequate to enable them to vacate judgment whenever such action is appropriate to accomplish justice.'" *Fressadi v. Glover*, No. CV-16-03260-PHX-DJH, 2020 WL 805237, at *8 (D. Ariz. Feb. 18, 2020) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949), alteration in original). This portion of the Rule too is equitable in nature, to be applied where "extraordinary circumstances justifying the reopening of a final judgment." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted)

Such extraordinary circumstances exist here. Plaintiff is not seeking to relitigate or have reconsidered lost claims before this Court, nor to otherwise take procedural advantage in the face of an unfavorable decision. He merely seeks to have Zumper honor its agreement to arbitrate on the merits rather than invoking procedural pitfalls as a means for garnering a victory. If the voluntary dismissal stands, Plaintiff faces a genuine risk that his claims will be lost in arbitration because of preclusion. Such would almost certainly qualify as extraordinary circumstances.

In light of Plaintiff's attempts to gain Zumper's consent to the stipulation for dismissal and Zumper's silence, coupled with Zumper's stated intention to use procedural mechanisms to avoid litigating the merits of Plaintiff's claims in the forum *Zumper chose and agreed to*, the Court should conclude that justice requires alteration of the voluntary dismissal. The risk to Plaintiff is great—an outright loss without being able to have his

day in court. Zumper, on the other hand, will suffer only the outcome to which it agreed—litigating Plaintiff's claims in arbitration, on the merits, one-on-one.

While many courts note that "where a party has a full and fair opportunity to litigate and fails to object or appeal, such failure cannot justify Rule 60 relief," such is simply not the case here. *Rajesh Varma, et al. v. Nationstar Mortg. LLC*, No. EDCV 18-1038 JGB (SPx), 2019 WL 8161135, at *2 (C.D. Cal. May 22, 2019). This case is in its infancy, with the Zumper's Motion to Compel and Trade House's joinder the only non-administrative filings that have occurred. Nothing has been litigated on the merits, and there is nothing to yet appeal, so the exclusion set out above should not apply. In short, Plaintiff seeks relief so that his claims can be litigated in arbitration, as Zumper agreed, without the potential for a loss that the two-dismissal rule may provide.

On this independent ground, the Court should conclude that altering the voluntary dismissal is appropriate and just.

### IV.   CONCLUSION.

For the foregoing reasons, the Court should grant Plaintiff's Motion and permit the withdrawal of his Voluntary Dismissal.

Respectfully submitted,

**ERNEST MELO,**

By:   */s/ Craig C. Marchiando*
Craig C. Marchiando (SBN 283829)
Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: 757-930-3660
Fax: 757-257-3450
craig@clalegal.com
len@clalegal.com

***Attorneys for Plaintiff***