# Exhibit G

| | |
|---|---|
| Matthew J. Erausquin | Leonard A. Bennett |
| | Craig C. Marchiando |
| Consumer Litigation Associates, P.C. | Consumer Litigation Associates, P.C. |
| 700 South Flower Street, Suite 1000 | 763 J. Clyde Morris, Suite 1A |
| Los Angeles, California  90017 | Newport News, Virginia  23601 |
| Telephone: (703) 273-7770 | Telephone: (757) 930-3660 |
| Email: matt@clalegal.com | Email:  lenbennett@clalegal.com |
| | Email: craig@clalegal.com |

*Counsel for the Claimant*

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **ERNEST MELO,** | Case No. _____ |
| Claimant**,** | **CONSUMER CLAIM FOR PUBLIC INJUNCTION AND MONEY DAMAGES** |
| v. | **(1.)  15 U.S.C. §1681e(b)** |
| **ZUMPER, INC.** | **(2.)  Cal Civil Code §1785.14(b)** |
| | **(3.)  15 U.S.C. §1681g** |
| Respondent. | **(4.)  Cal. Civil Code §1785.10** |
| | **(5.)  Cal. Civil Code §1785.18(a)** |

1

COMES NOW the Claimant Ernest Melo, by counsel, and as for his First Amended Complaint against Respondent Zumper, Inc. ("Zumper") he states as follows:

**PRELIMINARY STATEMENT**

1. This is a claim for statutory, actual, and punitive damages, declaratory relief, injunctive relief, costs, and attorney fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"), and California Civil Code § 1785, *et seq.* (the California Consumer Reporting Agencies Act, or "CCRAA").

2. In this case, the Respondent inaccurately combined or mixed the public record files of the Claimant with other individuals including, but not limited to, his father, who has a different name, date of birth, contact information, and social security number.

3. When Claimant became aware that Zumper was publishing false judgment information about him, he requested disclosure of his consumer file to review and determine the source of the inaccurate information. Zumper thereafter refused to respond to Claimant's request, failed to provide him with the source of the judgment information, and failed to provide him with any of the disclosure or other information mandated by 15 U.S.C. § 1681g and the CCRAA.

**PARTIES**

4. The Claimant is a natural person residing in Virginia, and at all times relevant hereto was a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Zumper is a corporation headquartered in San Francisco, California.

6. Zumper is a consumer reporting agency as defined by 15 U.S.C. §1681a(f). Zumper is regularly engaged in assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

7. Respondent published consumer reports to third parties under contract for monetary compensation.

**FACTS**

8. In August of 2017, Claimant applied to rent a condominium.

9. The leasing agent required that Claimant obtain his consumer report through Zumper's online tenant screening resource.

10. Claimant complied and ordered the consumer report through Zumper's online tenant screening resource.

11. Claimant paid Zumper a $50 fee for the report on his Visa card ending in ▇.

12. Upon receipt of Claimant's request, Zumper then generated and furnished a consumer report regarding the Claimant.

13. The report that Zumper furnished to Claimant's prospective landlord falsely attributed Claimant's father's eviction proceedings to the Claimant.

14. The Zumper report that was ultimately published to Claimant's prospective landlord contained a large red box at the top of the first page that said "Eviction Record Found". The same large red box was repeated within the body of the report.

15. Claimant has never been evicted from a property, and has never been the subject of eviction proceedings.

16. This misinformation was mixed into the Claimant's file due to Respondent's data matching deficiencies and its respective failure to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports.

17. Due to the lack of Respondent's reasonable procedures to assure maximum possible accuracy, the derogatory and mismatched credit information included in Claimant's

consumer report significantly limited and negatively impacted his ability to secure a rental property.

18. Respondent's failure to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports caused the Claimant to suffer actual damages to include, but not limited to, missed rental and economic opportunities, aggravation, inconvenience, embarrassment, and frustration. The Claimant was also deterred from applying for other rental properties because of the inaccurate negative reporting.

19. Following the publication of the Zumper consumer report, Claimant sent a letter to Zumper via Federal Express, requesting a copy of his consumer file from Zumper, as Claimant wanted to learn who was reporting this information to Zumper as well as the identity of each other entity that Zumper had sold this information to.

20. Zumper thereafter failed to provide any response to Claimant's request for disclosure of his consumer information, or any of the other information mandated by 15 U.S.C §1681g, which includes:

    a. All information in the Claimant's file at the time of the request;

    b. The sources of that information;

    c. Identification of each person that procured a consumer report about him during the 1-year period preceding the date on which the request was made;

    d. The dates, original payees, and amounts of any checks upon which is based any adverse characterization of the consumer to be included in the file at the time of the disclosure;

  e. A record of all inquires received by the agency within the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer;

  f. A statement that the Claimant had the right to request and obtain a credit score; and,

  g. The summary of rights mandated by 15 U.S.C. §1681g(c)(2).

21. Zumper similarly failed to provide Claimant with the information mandated by California Civil Code §1785.10 including:

  a. A statement of Claimant's rights pursuant to California Civil Code §1785.11.8, §1785.19, and §1785.19.5;

  b. A statement of Zumper's obligation to provide a decoded, written version of the file, or a written copy of the file with an explanation of any code, including any credit score used, and the key factors, if Claimant requested the copy; and

  c. The identity, including the full name, address and telephone number, of any recipients of any consumer credit report regarding the Claimant that Zumper had furnished within the 12-month period preceding the request.

22. By following its standard practices and procedures, Zumper deprived the Claimant of his consumer file information despite the requirements of the FCRA and the CCRAA, as described above, and thereby caused the Claimant to suffer various injuries, including, but not limited to, informational injury.

**COUNT ONE:**
**15 U.S.C. § 1681e(b)**

23. Claimant restates each allegation in the preceding paragraphs as if set forth at length herein.

24. Zumper failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information that it reported concerning the Claimant and, in doing so, it violated 15 U.S.C. § 1681e(b).

25. Zumper's violations were willful, were willful, entitling Claimant to recover statutory and punitive damages pursuant to 15 U.S.C. § 1681n, or, in the alternative, they were negligent entitling the Claimant to recover actual damages pursuant to 15 U.S.C. § 1681o.

26. As a result of Zumper's violation of 15 U.S.C. § 1681e(b), the Claimant suffered damages and is entitled to recover actual damages, statutory damages, punitive damages, in addition to his costs and attorney fees.

**COUNT TWO:**
**Injunctive Relief**
**California Civil Code §1785.14(b)**

27. Claimant restates each allegation in the preceding paragraphs as if set forth at length herein.

28. Respondent published Claimant's father's eviction information within the Claimant's consumer report, despite that it was in possession of Claimant's full name, date of birth and social security number.

29. Respondent maintained a policy that permitted such judgment information to be published within a consumer report despite that: (1.) it knew that it lacked sufficient identifying information regarding the subject of the eviction public record to match it to the subject of the tenant screening report with any certainty, and (2.) it knew that the full name of the subject of the eviction public record did not match the name of the subject of the report.

30. In both regards, these policies that Respondent intentionally and recklessly adopted that permitted public records to be included within a consumer's tenant screening

6

report, despite a name mismatch and despite the lack of indicative information for the subject of the public record were procedures designed to assure the maximum possible <u>inaccuracy</u> of the information concerning the individual about whom the report relates, and therefore violated California Civil Code §1785.14(b).  The Claimant brings this action for himself and on behalf of the public generally.

31. Claimant therefore seeks an order from this Court declaring that each of the policies referenced herein are violative of the law and are not reasonable procedures to ensure maximum possible accuracy, and additionally enjoining the Respondent from (1.) reporting public record information when they lack both a date of birth and a social security number for the subject of the public record that they are considering including and selling within a consumer report and (2.) reporting public record information when there is a mismatch between the name of the consumer that is purchasing his report and the name of the individual that was the subject of the public record.

### COUNT THREE:
### Violation of 15 U.S.C. § 1681g

32. The Claimant restates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Zumper failed to provide Claimant any response to his written request for a copy of his consumer file, failed to disclose the source of the judgment information contained in his consumer report, and failed to identify each person that procured the Claimant's report during the preceding 1-year period, thereby violating 15 U.S.C. § 1681g.

34. The Claimant brings this action for himself and on behalf of the public generally.

35. Zumper's violations were willful, entitling Claimant to recover statutory and punitive damages pursuant to 15 U.S.C. § 1681n, or, in the alternative, they were negligent

entitling the Claimant to recover actual damages pursuant to 15 U.S.C. § 1681o.

36. As a result of the Zumper's violations, the Claimant suffered damages and are entitled to recover statutory damages, punitive damages, costs, and attorney fees.

## COUNT FIVE
### California Civil Code §1785.10

37. The Claimant restates each of the allegations in the preceding paragraphs as if set forth at length herein.

38. Upon receipt of Claimant's written request for a copy of his file, Zumper failed to provide Claimant with the information mandated by California Civil Code §1785.10 including:

   a. A statement of Claimant's rights pursuant to California Civil Code §1785.11.8, §1785.19, and §1785.19.5;

   b. A statement of Zumper's obligation to provide a decoded, written version of the file, or a written copy of the file with an explanation of any code, including any credit score used, and the key factors, if Claimant requested the copy; and

   c. The identity, including the full name, address and telephone number, of any recipients of any consumer credit report regarding the Claimant that Zumper had furnished within the 12-month period preceding the request.

39. The Claimant brings this action for himself and on behalf of the public generally.

40. Zumper's violations were willful, entitling Claimant to recover statutory and punitive damages pursuant to Cal. Civil Code §1785.31(a)(2), or, in the alternative, they were negligent entitling the Claimant to recover actual damages pursuant to Cal. Civil Code §1785.31(a)(1).

41. As a result of Zumper's violation of Cal. Civil Code §1785.10, the Claimant suffered damages and is entitled to recover actual damages, statutory damages, punitive damages,

in addition to his costs and attorney fees.

## COUNT SIX
### California Civil Code §1785.18(a)

42.     The Claimant restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43.     The Claimant brings this action for himself and on behalf of the public generally Respondent Zumper sold and published a consumer report regarding the Claimant to his potential landlord.

44.     California Civil Code §1785.18 requires that each consumer credit reporting agency which compiles and reports items of information which are matters of public record, shall specify in any report containing public record information the source from which that information was obtained, including the particular court, if there be such, and the date that the information was initially reported or publicized.

45.     Neither of the reports sold by the Respondent contained the source from which the information was obtained or the date that the information was initially reported or publicized.

46.     This was part of the information that Claimant sought to learn when he requested his consumer disclosure from Respondent Zumper such that he could address the problem with the company that sold the data to Respondent Zumper.

47.     Claimant filed his class claim pursuant to 15 U.S.C. §1681g because Zumper failed to provide this information (or any disclosure at all) to him after receiving his written request for the same.

48.     An ordinary consumer without access to legal representation would never have learned the identity of the company that was providing the false public record information to

Respondent Zumper.

49. Claimant would have had all of this information before he ever needed to file a federal lawsuit if the Respondent had complied with the law.

50. Claimant therefore seeks an order from this Court declaring the Respondent's current policies to be in violation of the statute, and enjoining the Respondent from including public record information within consumer reports unless it identifies the sources of the information within the reports, as well as the date that the information was initially reported to that Respondent or publicized by it.

## PRAYER FOR RELIEF

The Claimant therefore demands actual damages of $250,000, statutory damages of $1,000, punitive damages in the amount of $1,500,000, attorney fees and costs; and the award ofdeclaratory and injunctive relief as requested herein and/or as may be appropriate.

Respectfully submitted,
**Ernest Melo,**


By: _____/s/_____
Leonard A. Bennett
Consumer Litigation Associates, P.C.
Email: lenbennett@clalegal.com
*Counsel for the Claimant*