UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MELO,<br>   Plaintiff,<br><br>  v.<br><br>ZUMPER, INC., et al.,<br>   Defendants. | Case No. 20-cv-00714-PJH<br><br>**ORDER DENYING RELIEF FROM RULE 41 DISMISSAL**<br><br>Re: Dkt. No. 69 |

Before the court is plaintiff Ernest Melo's ("plaintiff") motion for relief from Rule 41 voluntary dismissal. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion for the following reasons.

**BACKGROUND**

On August 22, 2019, plaintiff filed a class action complaint ("Compl.") against defendants Zumper, Inc. ("Zumper") and Trade House Data ("Trade House" and, together with Zumper, "defendants") in the District Court for the Eastern District of Virginia. Dkt. 1. The complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., because defendants published false judgment and eviction information about plaintiff stemming from an apartment rental application (administered by Zumper) and related background checks (administered in part by Trade House). Id. This is the second such action filed by plaintiff against Zumper for the same conduct; plaintiff voluntarily dismissed the first action against Zumper pursuant to Federal Rule of Civil

Procedure 41(a)(1)(A)(i) on January 22, 2019.  See Melo v. Zumper, Inc., No. 3:18-cv-00756-REP (E.D. Va. Jan. 22, 2019), Dkt. 20.  In the current action, Zumper moved to transfer the case to this District on September 24, 2019, which the court in the Eastern District of Virginia granted on January 28, 2020.  Dkt. 38.

On February 6, 2020, defendant Zumper filed a motion to compel arbitration and stay the proceedings (Dkt. 52), to which defendant Trade House joined (Dkt. 53).  This case was then transferred to this court's docket due to a related case involving defendant Zumper, (Gonzalez-Torres v. Zumper, Inc., No. 19-cv-02183-PJH).  Dkt. 58.  On February 20, 2020, at plaintiff's request, the parties stipulated to a 14-day enlargement of the time by which plaintiff was to respond to Zumper's motion to compel arbitration (Dkt. 60), which the court granted (Dkt. 61).  On March 5, 2020, the day plaintiff's response was due, plaintiff again requested, and defendants again stipulated to, a 5-day enlargement of time by which plaintiff was to respond.  Dkt. 63.  As part of the stipulation, plaintiff's counsel filed a declaration stating that plaintiff continued to oppose the joinder of defendant Trade House to Zumper's motion to compel but intended to "formally stipulate to the original Motion made by Zumper." Dkt. 63-1, ¶¶ 5–6.  The court granted the stipulation to extend time to respond and ordered plaintiff to file a stipulation consenting to Zumper's motion to compel arbitration on or before March 10, 2020.  Dkt. 64.

On March 10, 2020, plaintiff filed an opposition to Trade House's joinder to Zumper's motion but did not file a stipulation to Zumper's motion.  Dkt. 65.  Instead, on March 11, 2020, plaintiff filed a notice of voluntary dismissal of all claims against defendant Zumper pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Dkt. 66.  As part of the dismissal, plaintiff stated that his counsel circulated a proposed stipulation to Zumper's counsel on March 10th and, rather than formally stipulating to Zumper's motion to compel (as plaintiff indicated he would on March 5th), plaintiff proposed a stipulation that would dismiss plaintiff's claims, plaintiff would file for arbitration, and defendant would waive any timeliness defenses related to the time between the dismissal

of claims against Zumper and the filing of arbitration.  Id. at 2.  According to plaintiff, Zumper's counsel rejected this stipulation, which caused plaintiff to file for arbitration in Northern Virginia (rather than in San Francisco, as required by Zumper's terms of use) and voluntarily dismiss his claims against Zumper.  Id.

Later that day, plaintiff filed a notice of withdrawal of the notice of dismissal.  Dkt. 67.  Appended to the notice was an email exchange between counsel for plaintiff and counsel for Zumper whereby Zumper's counsel informed plaintiff's counsel that a second voluntary dismissal under Rule 41 served as an adjudication on the merits of plaintiff's claims.  Dkt. 67-1.  Zumper's counsel further informed plaintiff's counsel that Zumper would seek to assert a res judicata defense against plaintiff's recently filed arbitration claims.  Id.  The following day, March 12, 2020, plaintiff filed the present motion seeking relief from the Rule 41 dismissal.  Dkt. 69.

## DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 60(b) provides for relief from "a final judgment, order, or proceeding" for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  Harris v. U.S. Dep't of Commerce, No. 14-cv-00581-JSC, 2014 WL 4129342, at *1 (N.D. Cal. Aug. 21, 2014) (citing Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992).  The Ninth Circuit has "cautioned against the use of provisions of Rule 60(b) to circumvent the strong public interest in [the] timeliness and finality of judgments."  Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009) (alteration in original) (quoting Flores v. Arizona, 516 F.3d 1140, 1163 (9th Cir. 2008), rev'd on other grounds sub nom. Horne v. Flores, 557 U.S. 433 (2009)).

Under Rule 60(b)(1), the court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself. Fidelity Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004) (citing Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999)). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Harvest v. Castro, 531 F.3d 737, 746 (9th Cir. 2008) (alteration in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 392 (1993)).

With respect to Rule 60(b)(6), the Supreme Court "require[s] a movant . . . to show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "[A] party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.'" Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006) (alteration in original) (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).

**B.    Analysis**

Plaintiff seeks relief from his dismissal of Zumper from this action, a dismissal filed pursuant to Rule 41(a)(1)(A)(i). "[I]t is beyond debate that a dismissal under 41(a)(1) is effective on filing, no court order is required, [and] the parties are left as though no action had been brought." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999). Because plaintiff previously dismissed the same claims against the same defendant in a federal action in the Eastern District of Virginia, then Rule 41(a)(1)(B) applies and states "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates an adjudication on the merits." Plaintiff characterizes the voluntary dismissal as mistake and this motion would remedy the mistake by permitting the parties to arbitrate without defendant invoking res judicata based on Rule 41(a)(1)(B)'s adjudication on the merits. Mtn. at 7. Plaintiff argues that relief from the voluntary dismissal is appropriate under Rule 60(b)(1) or, in the alternative, Rule 60(b)(6). Id. at 4 n.1.

### 1. Rule 60(b)(1)

Rule 60(b)(1) requires the moving party to demonstrate "mistake, inadvertence, surprise, or excusable neglect." Plaintiff contends that this is a case of excusable neglect. Mtn. at 4. According to plaintiff, the delay between filing the voluntary dismissal and the current motion has been minimal and, therefore, any prejudice or burden on Zumper is likewise minimal. Id. at 8. Defendant contends that plaintiff has not made a mistake or acted inadvertently because the decision to file the voluntary dismissal was deliberate. Opp. at 16.

As an initial point, it is helpful to clarify the appropriate legal framework applicable in this case because, for example, plaintiff refers to his counsel's decision to file a voluntary dismissal as a "mistake" or "misstep." Mtn. at 7, 9. Generally, an inadvertent mistake involves a misunderstanding of the surrounding facts and circumstances. Eskridge v. Cook Cty., 577 F.3d 806, 809 (7th Cir. 2009). That is not the situation here. Rather, this is a situation where plaintiff's counsel "neglected to recognize the consequences of the second voluntary dismissal under Rule 41(a)(1)(A)(i)." Mtn. at 4.

Nor is this a case of excusable neglect because excusable neglect involves an omission on the part of a movant or his counsel. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership is the leading Supreme Court case on excusable neglect, which dealt with the Federal Rules of Bankruptcy Procedure, but the Ninth Circuit has applied Pioneer to Federal Rule of Civil Procedure 60(b). Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam). The definition of neglect is telling: "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to esp[ecially] through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer, 507 U.S. at 388 (third alteration in original) (emphasis omitted) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)). Thus, the most common application of the Pioneer-Briones test occurs when a party misses a filing deadline. See Lemoge v. United States, 587 F.3d 1188, 1192 (9th

5

1  Cir. 2009). Indeed, plaintiff applies the four Pioneer-Briones factors in his motion, but this
2  is not a missed filing deadline case—there is no omission on the part of plaintiff. Rather,
3  this case involves a voluntary action on the part of plaintiff based on a mistaken
4  understanding of the Federal Rules of Civil Procedure. For that reason, excusable
5  neglect is not at issue here. See Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP
6  Acquisition, LLC, No. CV 12-3740-GHK (SHX), 2013 WL 12404198, at *4 (C.D. Cal. Dec.
7  17, 2013) (declining to apply Pioneer-Briones test to Rule 60(b)(1) in two-dismissal rule
8  context because the court entered the voluntary dismissal on the plaintiffs' own motion).

9  Because this is an instance where counsel neglected to realize the consequences
10 of his choice, Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d at 1100, is on point in
11 situations such as this one for "parties who simply misunderstand the legal
12 consequences of their deliberate acts." The court noted that the Ninth Circuit has
13 declined requests for relief based on attorney error "put forth as 'excusable neglect.'" Id.
14 at 1100–01 (citing Casey v. Albertson's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004);
15 Engleson, 972 F.2d at 1043). Thus, the court found "it proper to extend our refusal to
16 provide relief on account of excusable neglect to the alleged attorney-based mistakes of
17 law at issue here." Id. at 1101. While Latshaw did not involve attorney error related to
18 the two-dismissal rule, circuit courts outside the Ninth Circuit have denied relief involving
19 mistakes of law where an attorney voluntarily dismisses a federal action without
20 comprehending the consequences of such a dismissal. See Eskridge, 577 F.3d at 809–
21 10; In re Pettle, 410 F.3d 189, 192 (5th Cir. 2005) (finding no Rule 60(b)(1) relief where
22 plaintiff chose to voluntarily dismiss action with prejudice).

23 The court does not understand Latshaw or similar cases as requiring a per se rule,
24 however. In Pioneer, the Supreme Court held that excusable neglect "is at bottom an
25 equitable one, taking account of all relevant circumstances surrounding the party's
26 omission." 507 U.S. at 395. While this motion does not involve an omission, there may
27 be cases where it is appropriate, taking account of all relevant circumstances, to grant
28 relief under Rule 60(b) to a plaintiff who has twice voluntarily dismissed his claims.

6

This is not one of those occasions. On March 5, 2020, plaintiff indicated that he was willing to stipulate to Zumper's motion to compel and the court issued an order requiring plaintiff to file a stipulation "to that effect." Dkt. 64. For whatever reason, plaintiff decided not to stipulate to defendant's motion to compel arbitration and instead filed for arbitration in Northern Virginia and dismissed his action against Zumper pursuant to Rule 41(a)(1)(A)(i). By doing so, plaintiff sought to circumvent Zumper's terms of use that would require him to arbitrate in San Francisco. Plaintiff also avoided a court order compelling him to arbitrate his claim. Plaintiff argues that he has acted in good faith (Mtn. at 8), but these facts indicate an attempt by plaintiff to avoid stipulating to Zumper's motion to compel arbitration.[1]

Thus, plaintiff's choice to file a voluntary dismissal was deliberate and voluntary. Plaintiff or his counsel "were simply ignorant of the consequence of that filing and now regret it." Perrine v. United States, No. 15-cv-2807-CAB (WVG), 2016 WL 9488701, at *3 (S.D. Cal. Mar. 14, 2016). The district court in Perrine quoted at length the following excerpt from Latshaw, which is equally applicable here:

> Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.

Latshaw, 452 F.3d at 1101 (citing United States v. Prairie Pharmacy, Inc., 921 F.2d 211,

---

[1] The court is also troubled by a representation by Zumper's counsel that plaintiff's counsel added Zumper's counsel's signature to plaintiff's second stipulation to enlarge time to respond (Dkt. 63), without requesting Zumper's assent to the stipulation and without requesting or receiving permission to add Zumper's counsel's signature (Opp. at 8 n.4). Civil Local Rule 5-1(i)(3) requires the filer of a document to attest that concurrence in the filing of a document has been obtained from each of the other signatories. Plaintiff's counsel filed a declaration attesting to the concurrence of Trade House but made no such attestation for Zumper despite including Zumper's counsel's signature to the stipulation. Dkt. 63-1, ¶ 9. Plaintiff's counsel is admonished to adhere to the Local Rules in future filings.

214 (9th Cir. 1990)).

Plaintiff cites three cases for the proposition that he may use Rule 60(b) to avoid the preclusive effect of a second voluntary dismissal under Rule 41(a)(1). Mtn. at 7. None are applicable here. In Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011), the Seventh Circuit noted that "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action." This general statement of principle lends support to plaintiff's argument, but Nelson ultimately affirmed the district court's denial of a Rule 60(b) motion where the plaintiffs mistakenly assumed they could dismiss their claims under Rule 41 and then reinstate the claims under Rule 60 within one year. Id. at 590. The court summarized that "[c]ounsel here simply misunderstood the applicable rule of civil procedure. It is well within a district court's discretion to determine whether this kind of mistake or neglect was excusable." Id. at 590–91 (citation omitted). Further, as defendant points out, the two other cases cited by plaintiff do not support his position because Albert v. Ameris Bank, 517 Fed. App'x 900, 907 (11th Cir. 2013), affirmed the denial of a Rule 60(b) motion, and Yesh Music v. Lakewood Church, 727 F.3d 356, 363 (5th Cir. 2013), dealt with a motion under Rule 60(b)(6), not 60(b)(1).

In sum, plaintiff and his counsel chose to file two prior dismissals citing Rule 41. This same rule states that two voluntary dismissals would act as an adjudication on the merits. Counsel are expected to know and abide by the Federal Rules of Civil Procedure and Rule 60 is not intended to relieve a party of ignorance of the law barring extenuating circumstances not present here.

### 2. Rule 60(b)(6)

"Judgments are not often set aside under Rule 60(b)(6)." Latshaw, 452 F.3d at 1103. Plaintiff must demonstrate both injury and circumstances beyond his control that amount to "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Tani, 282 F.3d 1168 (alteration in original) (quoting Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

8

Plaintiff contends that the injury here is an "outright loss without being able to have his day in court." Mtn. at 9–10.  Plaintiff further argues that the injury to Zumper is limited because granting the motion would only mean that Zumper would receive the outcome it initially sought, i.e., to arbitrate plaintiff's claims.  Defendant responds that Rule 60(b)(6) requires attorney conduct akin to "gross negligence" and plaintiff's arguments do not support gross negligence.  Opp. at 22–23.

Plaintiff has not demonstrated circumstances beyond his control, nor can he.  Plaintiff's choice to file a voluntary dismissal was entirely within his (or his counsel's) control.  There are no other facts demonstrating "extraordinary circumstances" meriting relief.  The district court in Perrine, 2016 WL 9488701, at *2, summarized the equitable consideration in a similar factual circumstance as follows:  "To allow relief from the two dismissal rule under Rule 60(b) would effectively render the rule meaningless because any plaintiff seeking to avoid the implications of the rule presumably did not intend for their second voluntary dismissal to be on the merits."  This reasoning applies here.  Plaintiff's motion is an attempt to circumvent the potential downside of Rule 41; this is simply not the type of extraordinary circumstance warranting relief under Rule 60(b)(6).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for relief from Rule 41 voluntary dismissal is DENIED.

**IT IS SO ORDERED.**

Dated: April 16, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge